IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                     MDL No. 2187

---

THIS DOCUMENT RELATES TO:

*Winans v. C. R. Bard, Inc.*                      Civil Action No. 2:16-cv-07824

MEMORANDUM OPINION & ORDER

Pending before the court is the Defendant's Motion to Dismiss for Failure to Comply with Pretrial Orders Regarding Plaintiff Fact Sheets, or in the Alternative, Motion for Show Cause Order for Plaintiff's Failure to Serve a Substantially Complete Plaintiff Fact Sheet and Motion to Stay Pending Resolution of Alternative Motion [ECF No. 12] filed by C. R. Bard, Inc. ("Bard"). The plaintiff has responded to the Motion [ECF No. 15], and Bard has replied [ECF No. 18]. Thus, this matter is ripe for my review. For the reasons stated below, the Motion is **DENIED**.

I. Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the six remaining active MDLs, there are nearly 17,000 cases currently pending, approximately 1600 of which are in the Bard MDL, MDL 2187.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court placed this and other cases in Bard Wave 7. Pretrial Order ("PTO") # 275 [ECF No. 5124], *In re: C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-02187, http://www.wvsd.uscourts.gov/MDL/2187/orders.html.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 275, for example, provides that each plaintiff in Wave 7 must submit a completed Plaintiff Fact Sheet ("PFS") to defendants by March 19, 2018. PTO # 275, at 2. The plaintiff, however, did not comply with PTO # 275 in that she failed to submit a completed PFS, and on this basis, Bard now seeks dismissal of her case with prejudice.

II. **Discussion**

Pursuant to PTO # 275, each plaintiff in Wave 7 was ordered to complete and serve a PFS on defendants by March 19, 2018. PTO # 275, at 2. According to Bard, the plaintiff submitted a PFS within the court-ordered deadline, but it was "woefully deficient in several material respects." Mem. of Law in Supp. of Def.'s Mot. to Dismiss 4. Thus, Bard contacted plaintiff's counsel on April 29, 2018 and requested that the

plaintiff provide a completed PFS by May 2, 2018—three days later—or else stipulate to the dismissal of the plaintiff's case with prejudice. *Id.* at 5. When plaintiff's counsel did not respond, Bard sent its second and third requests for the completed PFS on May 8, 2018 and May 17, 2018, respectively. Bard then filed this Motion on May 21, 2018.

In response, the plaintiff concedes that the PFS was not filed by the March 19, 2018 deadline. However, she notes that the completed PFS was filed and served on May 29, 2018—more than two months after the deadline. She also notes that Bard did not give the plaintiff twenty days to cure the deficiencies in her original PFS, as required by PTO # 27. Instead, Bard requested that the plaintiff cure her deficiencies and serve the completed PFS within only three days of receiving Bard's deficiency notice.

In its reply, Bard notes that the plaintiff had more than twenty days to cure the deficiencies in her original PFS because Bard waited twenty-two days after sending its deficiency notice to file the motion to dismiss, despite requesting that the plaintiff comply in only three days. Bard asserts that waiting more than twenty days to file its motion complies with the mandate of PTO # 27, even if the timeframe provided in the deficiency notice itself is less than twenty days.

Under these circumstances, I **FIND** that the imposition of sanctions as requested by Bard is unwarranted in this case.

3

## III. Conclusion

It is **ORDERED** that the Defendant's Motion to Dismiss for Failure to Comply with Pretrial Orders Regarding Plaintiff Fact Sheets, or in the Alternative, Motion for Show Cause Order for Plaintiff's Failure to Serve a Substantially Complete Plaintiff Fact Sheet and Motion to Stay Pending Resolution of Alternative Motion [ECF No. 12] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 12, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE